DISCIPLINARY PROCEEDINGS
PER CURIAM *
Respondent, Hardy M. Parkerson, was formally charged with engaging in misconduct contrary to the Rules of Professional Conduct. Count I charged respondent with soliciting professional employment in person from persons with whom respondent did not have a family or prior professional relationship. Count I further charged that respondent’s motive behind this solicitation was his own pecuniary gain. This solicitation violates Rules 7.2(a), 8.4(a) and 8.4(d) of the Rules of Professional Conduct. Initially, respondent denied that he had violated any of the Rules of Professional Conduct. Subsequent to respondent’s initial denial, respondent filed a Petition For Consent Discipline. In his Petition For Consent Discipline, respondent stated he could not successfully defend against the charges against him. Respondent requested that he be suspended from the practice of law for a period of sixty (60) days, deferred subject to a one year period of probation, under the following terms and conditions: (1) Respondent shall not violate any of the Rules of Professional Conduct during the period of probation; (2) Respondent shall earn an additional three (3) hours of ethics over and above the customary fifteen (15) hours of continuing legal education required during the year 1996; (3) Respondent will accept the issuance of a Public Reprimand for the misconduct engaged in; (4) Respondent will issue a letter of apology directed to the Complainant who was solicited, acknowledging his misconduct and expressing his regret for the infraction and the harm which he has done to the public and to the Bar; (5) Respondent shall make immediate and complete payment of all disciplinary costs assessed against him.
Both the Hearing Committee and the Disciplinary Board concurred with respondent’s proposed consent discipline. According to the Hearing Committee and the Disciplinary Board, respondent’s proposed sanction is consistent with the gravity of the offense respondent is charged with.
Upon review of the Hearing Committee and Disciplinary Board’s findings and recommendations, and the record filed herein, and the seriousness of the offense that respondent is charged with, it is the decision of the Court that the proposed consent discipline be adopted.
Accordingly, it is ordered that Hardy M. Parkerson be suspended from the practice of law for a period of sixty (60 days), deferred subject to a one year period of probation under the following terms and conditions:
1) Respondent shall not violate any of the Rules of Professional Conduct during the period of probation;
2) Respondent shall earn an additional three (3) hours of ethics over and above the customary fifteen (15) hours of continuing legal education required during the year 1996;
3) Respondent will accept the issuance of a Public Reprimand for the misconduct he engaged in;
4) Respondent will issue a letter of apology directed to the Complainant who was solicited, acknowledging his misconduct and expressing his regret for the infraction and the harm which he has done to the public and to the Bar;
5) Respondent shall make immediate and complete payment of all disciplinary costs assessed against him.
DEFERRED SUSPENSION ORDERED.

 Watson, J., not on panel. See Rule IV, Part 2, § 3.